## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEMCRUDE, L.P., <u>et al.</u>, | ) | Case No. 08-11525 (BLS) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |
| PLAINS MARKETING, L.P., | ) | Adversary No. 09-51003 |
| | ) | |
| Plaintiff, | ) | Related to Adv. Docket Nos. 175 and 196 |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A. as Agent; | ) | |
| EAGLWING, L.P.; MULL DRILLING | ) | |
| COMPANY, INC.; MURFIN DRILLING | ) | |
| COMPANY, INC.; SAMSON CONTOUR | ) | |
| ENERGY E&P, LLC; SAMSON LONE | ) | |
| STAR, LLC; SAMSON RESOURCES | ) | |
| COMPANY; SEMCRUDE, L.P.; ST. MARY | ) | |
| LAND & EXPLORATION COMPANY; | ) | |
| VESS OIL  CORPORATION; and JOHN | ) | |
| DOES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Bradford J. Sandler
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19899

John Zavitsanos
Demetrios Anaipakos
Ariadne Montare
Michael Murphy
Ahmad, Zavitsanos & Anaipakos, P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010

*Counsel for Plaintiffs Plains
Marketing, L.P.*

Ian Conner Bifferato
Thomas F. Driscoll III
Kevin G. Collins
800 N. King Street, Plaza Level
Wilmington, DE 19801

R. Richard Love, III
Jason S. Taylor
Andrew R. Turner
Conner & Winters, LLP
4000 One Williams Center
Tulsa, OK 74172

*Counsel for Defendants SemCrude,
L.P. and SemGroup, L.P.*

## OPINION[1]

Before the Court is a motion filed by Plains Marketing, L.P. ("Plains") for leave to file an amended complaint (the "Motion") [Adv. Docket No. 175], pursuant to which Plains seeks, inter alia, to amend its Complaint for Declaratory Relief to Determine the Validity and Priority of Asserted Liens and Permit Final Payments to Debtors for Prepetition Crude Purchases (the "Original Complaint") [Adv. Docket No. 1], by which it initiated this adversary proceeding, to add the following two claims for relief against SemCrude, L.P. and Eaglwing, L.P. (collectively, the "Debtors"): (1) a claim for recoupment of its damages for the Debtors' alleged breach of warranty of title as provided in certain purchase agreements between Plains and the Debtors; and (2) a claim for indemnification, as provided in certain netting agreements between Plains and the Debtors, for its attorneys' fees and litigation costs incurred in actions that have been asserted against Plains on account of its transactions with the Debtors.  For the foregoing reasons, the Court will grant the Motion.

## I. BACKGROUND

On July 22, 2008 and October 22, 2008, the Debtors voluntarily filed their respective petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.  Prior to filing for bankruptcy, the Debtors had engaged in the business of purchasing crude oil and natural gas from certain producers of oil and gas (collectively, the "Producers"), and subsequently reselling such oil and gas to certain downstream purchasers (the "Downstream Purchasers").  As one of the Downstream Purchasers, Plains had purchased crude oil from the Debtors prior to the commencement of the Debtors' bankruptcy case pursuant to

---

[1]    This Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

various purchase agreements (the "Purchase Agreements") and netting agreements (the "Netting Agreements").

In advance of the date by which a party had to file its claims against the Debtors (the "Bar Date") set by Order of the Court (the "Bar Date Order") [Docket No. 2746] for March 3, 2009, Plains filed a total of seven proofs of claim against the Debtors, in which it asserted its right to reclamation, 11 U.S.C. § 503(b)(9) payments, and contract remedies under the Purchase Agreements and the Netting Agreements.

Pursuant to the Purchase Agreements and the Netting Agreements, Plains remitted to the Debtors a substantial portion of the monies that it owed to the Debtors for the crude oil it received. In the Order for Payment of Funds to Debtors (the "Turnover Order") [Adv. Docket No. 52] entered on October 5, 2009, the Court found that the Debtors and Plains had agreed that, to the extent that netting was authorized and legally permitted, Plains owed the Debtors an additional $2,484,019.74 (the "Final Settlement Amount"). By the Turnover Order, the Court ordered Plains to tender the Final Settlement Amount into an account over which the Court would retain jurisdiction pending further order of the Court. Shortly thereafter, on October 28, 2009, the Court entered an order (the "Confirmation Order") [Docket No. 6347] confirming the Debtors' Fourth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan") [Docket No. 5808].

On May 29, 2009, prior to the entry of the Turnover Order, Plains filed the Original Complaint to initiate the instant adversary proceeding. By the Original Complaint, Plains asserted that upon tender of the Final Settlement Amount, it would no longer be liable to the Debtors or any third parties on account of the crude oil it purchased from the Debtors.

On May 25, 2010, Plains filed the Motion seeking to amend the Original Complaint to (1) request declaratory relief against other previously unnamed Producers who had filed actions against Plains in various state courts, and (2) assert additional claims against the Debtors.  On July 30, 2010, the Court entered an Order [Adv. Docket No. 246] permitting Plains to amend the Original Complaint to name the additional defendants.  The Court reserved judgment on Plains's request to assert the additional claims against the Debtors.  It is to this issue that the Court now turns.

## II.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Consideration of this adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), and (O).

## III.  DISCUSSION

By the Motion, Plains seeks leave to file its amended complaint (the "Amended Complaint") [Adv. Docket No. 175, Ex. 1] to include additional claims against the Debtors.  These additional claims are articulated in the sixth and seventh claims for relief in the Amended Complaint.  By the sixth claim for relief, Plains asserts its right of recoupment against the Debtors arising from the Debtors' alleged breach of warranty of good title to the crude oil which the Debtors sold to Plains under the Purchase Agreements.  By the seventh claim for relief, Plains asserts its right of indemnity against the Debtors for attorneys' fees, litigation costs, and other damages pursuant to the Netting Agreements.  Alternatively, in the event that the Court does not grant Plains leave to file the Amended Complaint, Plains seeks leave to amend its

proofs of claim to incorporate its claims for indemnity and breach of warranty in its timely filed proofs of claim.

Federal Rule of Civil Procedure 15(a), made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7015, provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). Accordingly, the Court has substantial discretion to grant or deny a motion for leave to amend. The United States Supreme Court and the Court of Appeals for the Third Circuit have each held that leave to amend should be freely given absent a showing by the non-moving party of one of the following grounds for denial: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; or (5) futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962) ("The policy of the [F]ederal [R]ules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."); Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."); see also Tracinda Corp. v. Daimler Chrysler AG (In re Daimler Chrysler Sec. Litig.), 200 F. Supp. 2d 439, 443 (D. Del. 2002); In re Global Link Telecom Corp., 327 B.R. 711, 718 (Bankr. D. Del. 2005); Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.), 288 B.R. 189, 193 (Bankr. D. Del. 2003).

In their objection (the "Objection") [Adv. Docket No. 196], the Debtors argue that the Motion should be denied on the grounds of futility, undue prejudice, and undue delay. The Court finds that none of these grounds provides a sufficient basis for denying the Motion.

A.    **Futility**

It is well established in the Third Circuit that the Court may refuse to grant leave to amend a complaint where the amendment would be futile.  See, e.g., In re Alpharma Inc. Sec. Litig., 372 F.3d 137, 153 (3d Cir. 2004) (citations omitted).  An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted."  In re Burlington, 114 F.3d at 1434 (citing Glassman v. Computervision Corp., 90 F.3d 617 (1st Cir. 1996)).  Consequently, the Third Circuit and the Bankruptcy Court in this District have each held that "a trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss."  Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983); PCT v. Authentic Specialty Foods, Inc. (In re Fleming Companies., Inc.), 347 B.R. 163, 167-68 (Bankr. D. Del. 2006) (citing Rouge Steel Co. v. OmniSource Corp. (In re Rouge Indus., Inc.), No. 03-13272, Adv. No. A 05-52242, 2006 WL 148946, at *2 (Bankr. D. Del. Jan. 19, 2006)); see also, Vision Metals, Inc. v. SMS Demag, Inc. (In re Vision Metals, Inc.), 311 B.R. 692, 701 (Bankr. D. Del. 2004) ("'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue.") (internal quotation marks omitted) (quoting Quality Botanical Ingredients, Inc. v. Triarco Indus., Inc. (In re Quality Botanical Ingredients, Inc.), 249 B.R. 619, 629 (Bankr. D.N.J. 2000)).

1.    **Bar Date Violation**

The Debtors argue that the Amended Complaint is futile because the additional claims asserted by Plains are actually "new" claims that were not previously asserted in the proofs of claim timely filed by Plains.  The Debtors argue, therefore, that the inclusion of such claims in the Amended Complaint would "bluntly violate[] the Bar Date Order and would not withstand a motion to dismiss."  Objection ¶ 20.  The Debtors further contend that the timely filed proofs of

claim are deficient for the purpose of enabling Plains to allege the additional claims asserted in

the Amended Complaint.  The Court disagrees on both points.

Absent excusable neglect, Federal Rule of Bankruptcy Procedure 3003(c)(3) imposes

upon creditors the burden of asserting their claims against a debtor's estate, and "a creditor

whose claim is not scheduled, scheduled improperly or scheduled as disputed, contingent or

unliquidated must file a proof of claim with the bankruptcy court within the time fixed by that

court."  ITT Commercial Finance Corp. v. Dilkes (In re Analytical Systems, Inc.), 933 F.2d 939,

941-42 (11th Cir. 1991).  Citing a decision from the Second Circuit Court of Appeals, the

Eleventh Circuit provided the following explanation for the strict enforcement of a bar date:

> The practical, commercial rationale underlying the need for a bar
> date are [sic] manifest.  The creditors and bankruptcy court must
> be able to rely on a fixed financial position of the debtor in order to
> intelligently evaluate the proposed plan of reorganization for plan
> approval or amendment purpose.  After initiating a carefully
> orchestrated plan of reorganization, the untimely interjection of an
> unanticipated claim, particularly a relatively large one, can destroy
> the fragile balance struck by all the interested parties in the plan.
> Given the time sensitivity of such financial undertakings, the
> consequent delay in reevaluation necessitated by the late allowance
> of the claim may often spell disaster to recovery, even where
> ultimate approval is forthcoming.  These considerations and
> realities militate in favor of restraint and caution in allowing
> untimely claims.

Id. at 942 n.5 (citing Hoos & Co. v. Dynamics Corp. of Am., 570 F.2d 433, 439 (2d Cir. 1978)).

However, "[t]he decision to allow amendments to a proof of claim is within the discretion

of the Bankruptcy Court."  In re Ben Franklin Hotel Associates, 186 F.3d 301, 309 (3d Cir.

1999).  The Third Circuit has held that "amendments to proofs of claim should be freely allowed

where the purpose is to cure defects in a claim as originally filed, to describe a claim with greater

particularity, or to plead new theories of recovery on facts set forth in the original claim."  Id.

(citation omitted) (internal quotation marks omitted).  Once the deadline to file claims has

passed, "an amendment to a claim filed post bar-date must be scrutinized to assure that it is not an attempt to file a new claim." Hatzel & Buehler, Inc. v. Station Plaza Assocs., L.P., 150 B.R. 560, 562 (Bankr. D. Del. 1993). Thus, a creditor may not use the claims amendment process to circumvent the claims bar date.

To comply with the provisions of the Bankruptcy Code and the Bar Date Order, Plains needed to file a proof of claim that set forth a "claim." 5 COLLIER ON BANKRUPTCY ¶ 502.02[1][c] (Allen N. Resnick & Henry J. Sommer eds., 16th ed.). A "claim" is defined under the Bankruptcy Code as, inter alia, a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." The Third Circuit Court of Appeals has held that "the claimant must allege facts sufficient to support the claim" and that "a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward." In re Allegheny Intern., Inc., 954 F.2d 167, 173 (3d Cir. 1992).

The District Court for the District of Delaware has held that various proofs of claim filed by certain plaintiffs who attached their respective contracts with a debtor were sufficient for the purpose of allowing such plaintiffs to pursue all of their contract rights against the debtor. Agassi v. Planet Hollywood Intern., Inc., 269 B.R. 543, 549-50 (D. Del. 2001). The court found that because the plaintiffs had attached copies of their contracts to their proofs of claim, the failure of the plaintiffs to specifically assert their claims for indemnity against the debtor did not bar them from subsequently asserting claims under the indemnification provisions in their contracts. Id. at 550. The court held that because the referenced indemnification provisions are included in the attached contracts, the proofs of claim "are appropriately construed to include claims for indemnification of attorney's fees and other rejection damages resulting from [the

debtor's] breach of the [] Contracts as provided in [such] Contracts." <u>Id.</u>  The court further

explained that the stated allegations in the filed proofs of claim "expressly contemplated

damages for breach of contract, which in the Court's view, embraces a claim for damages under

the indemnity clauses in the respective [] Contracts." <u>Id.</u> at 549.  Consequently, the court held

that "these Proofs of Claim are sufficient on their face to embrace the attorney's fees and other

rejection damages claims at issue." <u>Id.</u>

   Here, the Court finds that the additional claims are not in fact "new" claims by Plains

against the Debtors because such claims have already been asserted by Plains.  The record

reflects that four of the seven proofs of claim [Claim Nos. 4457, 4461, 4474, and 4571] filed by

Plains include express references to the various contracts between Plains and the Debtors.  Along

with each of these proofs of claim, Plains attached a "Reservation of Rights," stating that "[t]his

proof of claim is being filed as a contingent claim for the purpose of reserving any and all rights

that Plains [] may have under the Bankruptcy Code, federal or state law and the various orders

that the Bankruptcy Court has entered in this case."  Plains attached to such proofs of claim a list

of specific Purchase Agreements and Netting Agreements between Plains and the Debtors.  The

Court finds that the combination of these attachments to Plains's proofs of claim is sufficient to

establish that Plains asserted, <u>inter alia</u>, its contract rights under state law, whatever they may be,

against the Debtors.  A contrary conclusion would require the Court to ignore the purpose and

significance of Plains's explicit incorporation of the contracts in its proofs of claim.

   Moreover, like the court in <u>Planet Hollywood</u>, this Court finds that the additional claims

asserted by Plains in the Amended Complaint have already been embraced by the filed proofs of

claim.  First, Plains's right to warranty of good title is explicit in the Purchase Agreements: "The

Seller warrants good title to all crude oil delivered hereunder and warrants that such crude oil

shall be free from all royalties, liens, encumbrances and all applicable foreign, federal, state and local taxes."  Likewise, Plains's right to indemnity is explicit in the Netting Agreements, which provide that "[s]hould suit be instituted to enforce payment hereunder, the party prevailing in a final non-applicable judgment will be entitled to indemnification from the other party for its reasonable attorney's fees and related court costs."  The Purchase Agreements and the Netting Agreements were both referenced by Plains in its timely filed proofs of claim.  Therefore, by reference, Plains has asserted its contingent claims for indemnity and damages for breach of warranty.

Second, Plains relies upon its right to payment from the Debtors based upon the intricate settlement calculation agreed upon in the Purchase Agreements, and it relies upon its right to net out and set off mutual obligations based upon the provisions in the Netting Agreements.  The Court therefore finds that Plains's claims pursuant to the provision warranting good title and the indemnification provision, in the Purchase Agreements and Netting Agreements, respectively, are embraced by Plains's proofs of claim, even in the absence of explicit articulation in such proofs of claim.  The Court is especially persuaded to broadly construe Plains's proofs of claim because Plains asserted in such proofs of claim its contingent claims against the Debtors for "any and all rights" it may have under, inter alia, state contract law.  Therefore, the Court finds that by referencing the applicable contracts between Plains and the Debtors that are relevant to certain of its proofs of claim, Plains sufficiently asserted its contract rights against the Debtors, irrespective of whether such rights have matured or are conditional and exercisable only upon breach.

Alternatively, even in the absence of a sufficiently explicit assertion of its contract rights in its timely filed proofs of claim, the Court finds that Plains has satisfied the requirement for pleading its claims for indemnity and breach of warranty through informal proofs of claim.  The

Court of Appeals for the Third Circuit has long recognized the validity of informal proofs of claims.  See Hefta v. Official Comm. of Unsecured Creditors (In re American Classic Voyages Co.), 405 F.3d 127, 132 (3d Cir. 2005).  The Third Circuit has held that "[i]n order to constitute an informal proof of claim, the alleged demand must be sufficient to put the debtor and/or the court on notice as to 'the existence, nature and amount of the claim (if ascertainable).'"  Id. (citations omitted).  The District Court for the District of Delaware has articulated the following five-prong test for ascertaining the validity of informal proofs of claims:

> Specifically, an informal proof of claim must (1) be in writing; (2) contain a demand by the creditor on the estate; (3) express an intent to hold the debtor liable for the debt; (4) be filed with the bankruptcy court; and (5) be justified in light of the facts and equities of the case.

Planet Hollywood, 269 B.R. at 550 (citations omitted).

Here, the Court finds that through the operation of at least three pleadings filed with this Court, Plains has satisfied the requirements for recognition of an informal proof of claim for both of the additional claims asserted in the Amended Complaint.  First, Plains asserted in the Original Complaint its rights to reasonable attorneys' fees and to recoupment pursuant to its contracts with the Debtors, coupled with allegations concerning the Debtors' warranty and indemnification obligations.  Original Complaint ¶¶ 78-79, 40-41.

Second, Plains moved to intervene in various adversary proceedings initiated against the Debtors by certain Producers and Downstream Purchasers ("Motion to Intervene") [Docket No. 3422], on the grounds that it is a party in interest seeking to protect its "right to indemnification for its continuing legal fees and other costs pursuant to [the Purchase Agreements and the Netting Agreements]."  Motion to Intervene ¶ 9.

Third, in its Objection to Confirmation of the Debtors' Fourth Amended Joint Plan of Affiliated Debtors ("Objection to Plan") [Docket No. 6172], Plains explicitly asserted that "[u]nder the [Purchase Agreements and Netting Agreements], the Debtors warranted title to the crude oil sold to Plains [] and also agreed to reimburse, indemnify, defend and hold Plains [] harmless from and against any and all losses, liabilities, claims, damages or expenses suffered or incurred by Plains [] should that warranty be breached." Objection to Plan at 2. Pursuant to such agreements, Plains claimed that "[it] is therefore entitled to recover reasonable litigation expenses, including attorney's fees and has a right to be indemnified by the Debtors for actions that arise out of the transactions between the Debtors and Plains." Id. at 3. Plains further alleged that as a result of various actions initiated by certain Producers, "[it] has indemnity claims against the Debtors which should be provided for under the proposed Plan." Id.

Through the aforementioned pleadings filed by Plains with this Court, Plains has made sufficiently explicit demands on the Debtors for indemnity and breach of warranty. The Court is further satisfied that such pleadings, individually and collectively, evidence an intent by Plains to hold the Debtors liable under various contract provisions. The Court finds that Plains's consistent assertions of its contract rights throughout the pendency of the Debtors' consolidated bankruptcy cases justifies the Court's finding that Plains has previously asserted the additional claims that it now seeks to assert in the Amended Complaint.

Accordingly, under the circumstances of this case, the Court finds that the additional claims asserted by Plains in the Amended Complaint are not "new" claims because such claims are incorporated in the extant proofs of claims timely filed by Plains, and have also been constructively pleaded through informal proofs of claim. Therefore, the additional claims may be asserted by Plains despite the passage of the Bar Date. As such, the inclusion of the

additional claims would not be futile on the ground that such claims would be susceptible to dismissal for violation of the Bar Date.

> **2.**      **Plains's Rights to Recoupment and/or Setoff**

The Debtors also argue that the inclusion of the additional claims in the Amended Complaint would be futile because Plains has no valid claim to seek setoff or recoupment from the Debtors on account of its contract rights.  However, the Debtors fail to distinguish between Plains's right to assert and pursue valid claims, albeit contingent and unliquidated, based on various contract remedies available upon breach, and Plains's right to immediate payment on account of such claims.

As the Court noted above, Plains may properly assert claims for indemnity and breach of warranty against the Debtors (to the extent that it has not done so already) pursuant to its rights under the Purchase Agreements and the Netting Agreements.  The Debtors contend that Plains is not entitled to seek setoff and/or recoupment against the Debtors on account of such claims because, as a matter of law, it has validly waived precisely these rights.  In four of its proofs of claim, Plains stated that "[it] has already conditionally applied its right to recoupment, netting and/or setoff . . . for its sale of petroleum products to [the Debtors] . . . provided that those rights are upheld."  However, Plains's conditional waiver would not prevent it from asserting further claims for recoupment and setoff in the event that its recoupment, netting, and/or setoff rights are not respected.  Thus, Plains has not absolutely waived its right to assert claims for setoff and /or recoupment.

The Debtors also contend that Plains's attempt to seek indemnification for its attorneys' fees, incurred as a result of the Producers' litigation, would fail as a matter of law because such a right is not supported by the provisions in the Purchase Agreements and the Netting Agreements.

Whether Plains is entitled to damages, as well as a determination of the value of such damages, requires an analysis of Plains's asserted contract rights and their application to the facts at bar. This issue, however, is not presently before the Court.  At this stage, the Court finds that Plains may at least assert claims against the Debtors on account of its contract rights.

Accordingly, Plains is entitled to liquidate its claims against the Debtors for breach of warranty and indemnity.  As such, the inclusion of these additional claims in the Amended Complaint would not be futile.

**B.    Undue Prejudice**

The Debtors also object to the Motion on the ground that the inclusion of the additional claims would unduly prejudice the Debtors.  The Third Circuit has consistently upheld the notion that "prejudice to the non-moving party is the touchstone for the denial of the amendment." Dole v. Arco Chem. Co., 921 F.2d 484, 488 (3d Cir. 1990) (internal quotation marks omitted) (quoting Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989)).  To establish prejudice, "the non-moving party must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'"  Bechtel, 886 F.2d at 652 (quoting Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981)).

The Court finds that the Debtors have not established prejudice sufficient to defeat the Motion.  The Debtors' claim of prejudice is based upon the assertion that Plains has previously articulated its remaining claims against the Debtors as "contingent," which the Debtors allege is inconsistent with Plains's current attempt to advance a theory that may allow it to recapture all or part of the Final Settlement Amount that was tendered in connection with complex negotiations in furtherance of Plan confirmation.  However, the Debtors have had ample notice of Plains's

14

intention to assert indemnity and breach of warranty claims against them.  The list of relevant contracts attached to Plains's proofs of claim, along with certain aforementioned pleadings, were sufficient to put the Debtors on notice of Plain's intention to hold the Debtors liable for, <u>inter alia</u>, indemnity and breach of warranty.  Moreover, Plains has already asserted its claims for indemnity and recoupment in the third claim in the Original Complaint.  Therefore, based upon the record, the Court is satisfied that Plains's request to assert the additional claims is consistent with the position that it has taken with respect to its contract rights throughout the pendency of the Debtors' consolidated bankruptcy cases.

Finally, Plains emphasizes that the Debtors' own pleadings suggest that they have been aware of Plains's intention to pursue its rights under the Purchase Agreements and the Netting Agreements.  For instance, in the Debtors' opposition to a motion for partial dismissal of the instant adversary proceeding (the "Debtors' Opposition") [Adv. Docket No. 29], dated August 28, 2009, the Debtors acknowledged that the "contracts [between the Debtors and Plains] give rise to certain warranty and indemnification rights in favor of Plains."  Debtors' Opposition ¶ 3.

Thus, the Debtors have been on notice, since the initiation of this adversary proceeding, of the additional claims that Plains now seeks to assert in the Amended Complaint.  The Court therefore finds that the Debtors will not suffer undue prejudice if Plains is permitted to file the Amended Complaint.

## C.    <u>Undue Delay</u>

Finally, the Debtors argue that Plains should be denied leave to file the Amended Complaint on the ground of undue delay.  In the Third Circuit, "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become

'prejudicial,' placing an unfair burden on the opposing party." <u>Adams v. Gould Inc.</u>, 739 F.2d 858, 868 (3d Cir. 1984); <u>see also</u> <u>Vision Metals, Inc. v. SMS Demag, Inc. (In re Vision Metals, Inc.)</u>, 311 B.R. 692, 701 (Bankr. D. Del. 2004) ("Delay, by itself, is not a sufficient reason for a court to deny a motion to amend a complaint.") (internal quotation marks omitted) (quoting <u>Provident Life & Accident Ins. Co. v. Gen. Syndicators of Am., Inc. (In re Laramie Associates, Ltd.)</u>, No. 95-19102DAS, Adv. No. 96-1080DAS, 1997 WL 67848 (Bankr. E.D. Pa. Feb. 12, 1997)).

Plains initiated the instant adversary proceeding in May 2009.  It first moved to amend the Original Complaint in April 2010, but subsequently withdrew its request.  This Motion was filed in May 2010, a year after Plains filed the Original Complaint.  However, Plains still filed the Motion well within the time frames in which the courts in this District have previously granted leave to amend.  <u>Burlington Motor Carriers Inc. v. APL Ltd. (In re Burlington Motor Carriers Inc.)</u>, No. CIV A. 99-157 MMS, 1999 WL 1427683, at *9 (D. Del. Dec. 30, 1999) (holding that a delay of ten months after the complaint was filed did not constitute undue delay); <u>Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.</u>, 668 F.Supp. 906, 922 (D. Del. 1987) (holding that a delay of six and one-half years after the complaint was filed did not constitute undue delay); <u>PCT</u>, 347 B.R. at 167 (holding that a delay of eight months after the filing of the complaint did not constitute undue delay).  Therefore, the Court finds that the Debtors have failed to demonstrate undue delay, and it further finds that Plains's delay alone is an insufficient ground for denying its request for leave to file the Amended Complaint.

## IV.  CONCLUSION

The Court concludes that the Motion will be granted insofar as it relates to the request by Plains to assert the additional claims described above because such claims are not "new" claims and are therefore not affected by the Bar Date.

An appropriate Order follows.

BY THE COURT:

Dated:        Wilmington, Delaware
              March 3, 2011                    _____
                                               Brendan Linehan Shannon
                                               United States Bankruptcy Judge

17